**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ENCLOS CORPORATION,**

                **Plaintiff,**            **1:12-cv-1760
                                                        (GLS/RFT)**

            v.

**DORMITORY AUTHORITY OF
THE STATE OF NEW YORK,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Dorsey, Whitney Law Firm<br>NY Office<br>51 West 52nd Street<br>New York, NY 10019-6119 | DAVID C. SINGER, ESQ.<br>ELIZABETH R. BAKSH, ESQ.<br>ERIC A.O. RUZICKA, ESQ. |
| **FOR THE DEFENDANT:**<br>Mazur, Carp Law Firm<br>1250 Broadway, Suite 3800<br>New York, NY 10001 | GARY L. RUBIN, ESQ.<br>FRANK L. WAGNER, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Enclos Corporation commenced this action against defendant

Dormitory Authority of the State of New York (DASNY), alleging several

contractual and quasi-contractual claims. (*See* Compl., Dkt. No. 1.) Pending is DASNY's motion to dismiss. (*See* Dkt. No. 10.) For the reasons that follow, the motion is denied.

## II. <u>Background</u>[1]

In March 2007, Enclos entered into a construction contract ("the Contract") with DASNY, wherein it agreed to "perform certain curtain wall work and other exterior work at the John Jay College of Criminal Justice [. . .] in exchange for compensation . . . in the sum of $40,550,300.00." (Compl. ¶ 6.) As is relevant here, the Contract contains a provision entitled "Claims for Delay,"[2] (Dkt. No. 10, Attach. 4 at 19), which is a so-called no-damages-for-delay clause, (*see* Dkt. No. 10, Attach. 7 at 6; Compl. ¶ 44). While Enclos implicitly acknowledges the effect of that clause, (*see* Compl. ¶¶ 44, 49), it nonetheless claims that DASNY's redesign of the project, change of the construction schedule, and failure to mitigate delays, disrupted and delayed its performance of the contracted work. (*See*

---

[1] Unless otherwise noted, the allegations are drawn from Enclos' Complaint and presented in a light most favorable to it. To this end, the court, having discerned no disputes in the parties' recitations of the background and allegations, incorporates them by reference here, and discusses only the allegations necessary to adjudicate the instant motion. (*See* Dkt. 10, Attach. 7 at 1-4; Dkt. No. 13 at 2-8.)

[2] Because the Complaint incorporates by reference the Contract, (*see, e.g.*, Compl. ¶¶ 6, 13), the court may consider it "in deciding the defendant's motion to dismiss," *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

2

Compl. ¶¶ 22-39, 84-123.)  Enclos further alleges that DASNY, as it did during a previous project, promised—but later refused—to compensate it for the disruptions and delays.  (*See id.* ¶¶ 45-77, 145-54, 160-65.)  Consequently, Enclos now alleges the following eight causes of action: (1) breach of contract for delaying the commencement of work, (*see id.* ¶¶ 84-98); (2) breach of contract for delays during the project, (*see id.* ¶¶ 99-111); (3) breach of contract due to disruptions in its work, (*see id.* ¶¶ 112-23); (4) breach of contract based on DASNY's promises to pay, (*see id.* ¶¶ 124-31); (5) breach of warranty, (*see id.* ¶¶ 132-40); (6) fraudulent inducement, (*see id.* ¶¶ 141-58); (7) promissory estoppel, (*see id.* ¶¶ 159-75); and (8) misrepresentation, (*see id.* ¶¶ 176-94).

## III.  <u>Standard of Review</u>

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  <u>Discussion</u>

DASNY argues that Enclos' contractual claims are barred by the Contract, chiefly by the no-damages-for-delay clause.  (*See* Dkt. No. 10,

Attach. 7 at 6-20.) It further asserts that the quasi-contractual claims fail as a matter of law because there is a contract between the parties that governs the subject-matter in question. (*See id.* at 21-22.) In response, Enclos contends that DASNY's conduct falls within one of the recognized exceptions to the no-damages-for-delay clause, and thus it is entitled to sue under the contract. (*See* Dkt. No. 13 at 8-19.) And, with respect to its quasi-contract claims, Enclos avers that these are plead in the alternative in the event that DASNY's promises did not constitute an enforceable contract. (*See id.* at 24.) The court is presently unpersuaded by DASNY's arguments.

While it is possible that the no-damages-for-delay clause could preclude Enclos' contractual claims, *see, e.g.*, *Travelers Cas. & Sur. Co. v. Dormitory Auth.-N.Y.*, 735 F. Supp. 2d 42, 58-59 (S.D.N.Y. 2010); *Corinno Civetta Constr. Corp. v. City of N.Y.*, 67 N.Y.2d 297, 309 (1986), it is equally so, as Enclos seeks to prove, (*see* Dkt. No. 13 at 9-17), that one of the general exceptions to that clause exists, which would entitle Enclos to recover damages, *see Travelers*, 735 F. Supp 2d at 58-59. Thus, it is simply premature—given the limited scope of review, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007), and the way in which

4

the burden shifts in this type of case[3]—to determine whether the no-damages-for-delay clause controls, and assuming it does, if Enclos has proven that an exception applies. And though skeptical of the viability of Enclos' quasi-contract claims, the court, in light of its decision with respect to the contractual claims, deems it appropriate to allow Enclos additional time to demonstrate, *inter alia*, how the contract does not govern DASNY's alleged misconduct. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."). As such, DASNY's motion to dismiss is denied.

## V. **Conclusion**

---

[3] As Judge Cote explained in *Travelers*, where DASNY prevailed on *summary judgment* under the same no-damages-for-delay clause:

> The defendant bears the prima facie burden of establishing that the damages sought by the plaintiff are barred by the no-damage-for-delay exculpatory clause of the parties' contract. Part of the defendant's required showing is demonstrating prima facie that none of the exceptions to the damages for delay clause are present. Once that *prima facie* burden has been met, the burden shifts to the plaintiff to raise a triable issue of fact as the applicability of any of the [*Corinno*] exceptions to the contractual bar.
>
> In proving that one of the *Corinno* exceptions applies, the plaintiff bears a heavy burden.

735 F. Supp. 2d at 57-59, 69 (internal quotation marks and citations omitted).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that DASNY's motion to dismiss (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that DASNY shall file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Treece in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 28, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court